UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRIAN DEMARCO MITCHELL,

           Plaintiff,

v.                                                Case No. 23-cv-1522-pp

DIVISION OF ADULT INSTITUTIONS, *et al.*,

           Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING AMENDED COMPLAINT UNDER 28 U.S.C. §1915A AND STAYING CASE**

Plaintiff Brian DeMarco Mitchell, who is incarcerated at Green Bay Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his amended complaint, dkt. no. 7.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1).

1

He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On November 30, 2023, the court ordered the plaintiff to pay an initial partial filing fee of $28.68. Dkt. No. 5. The court received that fee on December 14, 2023. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

**II.  Screening the Amended Complaint**

   A.  Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts,

accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter C'nty Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff has sued Division of Adult Institutions (DAI), DAI Administrator Sarah Cooper, DAI Assistant Administrator Stephanie Hove, DAI Assistant Administrator Paul Kemper, Bureau of Offender Classification and Movement (BOCM) Director Angela Hansen, Sandra DeYoung, R. Frias, M. Karpinski, Ashlee Thomas and C. O'Donnell. Dkt. No. 7 at 1. He alleges that on July 25, 2022, defendants DAI, Cooper, Hove, Kemper and Hansen implemented "DAI Instrument of Custody Classification (IFCC)." Id. The

3

plaintiff attached to his amended complaint DAI Instrument for Custody Classification – Mandatory Restrictors. Dkt. No. 7-1. The document states that individuals "who have a documented history of attempted or completed escape from confinement or custody are impacted by this mandatory restrictor[,]" and it excludes individuals from being considered for medium, minimum and minimum community custody under certain conditions. Id. at 3-5.

The plaintiff alleges that the mandatory restrictor overlaps with Wisconsin Statutes §302.05 (Wisconsin substance abuse program) and §973.01 (bifurcated sentence of imprisonment and extended supervision), which govern incarcerated persons' eligibility for the "DAI's Earned Release Program mechanisms ERP/CIP." Dkt. No. 7 at 1. He states that the DAI "clearly adopted this legislation in its Policies DAI # 300.00.11 Substance Use Disorder/Earned Release Program and # 300.00.12 Challenge of Incarceration Program/Bootcamp." Id. at 1-2.

According to the plaintiff, he "resolved a legal matter in Jefferson Co. case # 22-cf-535 on May 5, 2023, he was sentenced and found statutorily eligible for the Challenge of incarceration Program and Earned release Program, on the criminal offenses of 946.42(2m) Attempted Escape and 943.203(2)(A) Identity Theft." Id. at 2. The plaintiff states that when an offender resolves a legal matter, he may request an "Early Re-Classification" to his assigned classification specialist by submitting a DOC-2212 Early Re-Classification form. Id. On June 27, 2023, defendant Karpinski, an offender classification specialist, allegedly denied the plaintiff's request for re-classification based on

the DAI's above-described Instrument for Custody Classification policy which contains an escape mandatory restrictor. Id. "The ultimate decision was that the Plaintiff would not be suitable to enroll in CIP/Boot Camp for a minimum of 10 years and that alternatively a[n] ERP tentative enrollment date of 07/29/24 was appropriate at the RCI Medium custody institution." Id.

The plaintiff alleges that on July 7, 2023, he filed an administrative complaint (RCI-2023-9937) asserting that the "Mandatory Restrictor Instrument violates due process and further exerts its unconstitutionality." Id. Racine Correctional Institution's Warden Steven Johnson (not a defendant) dismissed the plaintiff's complaint. Id. The plaintiff allegedly appealed the dismissal of his complaint to the Office of the Secretary of the Department of Corrections (DOC). Id.

The plaintiff alleges that on September 13, 2023, he attended a regular yearly scheduled classification hearing held by defendant Frias, who is an offender classification specialist at Racine. Id. Frias allegedly "concluded again that the Plaintiff has a mandatory restrictor and that retention at RCI with the tentative enrollment in ERP of 07/29/24 was appropriate." Id.

On October 4, 2023, defendant O'Donnell allegedly issued a decision on the plaintiff's appeal of the dismissal of administrative complaint RCI-2023-9937 in which she accepted in part the decision to dismiss the complaint. Id. at 3. The plaintiff states that the comments O'Donnell made in the decision reflect that the case was reviewed with the DAI's BOCM director (presumably, defendant Hansen) who asked RCI to schedule an early recall with the plaintiff

5

to (1) update the classification report with the new offense for escape; (2) address the mandatory restrictor and request an exemption, if applicable; and (3) review eligibility for ERP/CIP. Id.

The plaintiff alleges that the next day (October 5, 2023), he was compelled to attend the early reclassification hearing because he had been placed in temporary lock-up due to the investigation of his custody level. Id. Defendant Frias allegedly held the hearing and concluded that the plaintiff's custody level would be elevated to Maximum Security and therefore that he would not be able to participate in ERP or CIP for a minimum of ten years due to the restrictor policy at issue. Id. Defendant Hansen allegedly finalized the decision on October 13, 2023. Id.

The plaintiff states that upon receiving the decision, he discovered that his social worker, defendant Thomas, had recommend elevated custody "per the Mandatory Restrictor Policy due to recent Attempted Escape Conviction." Id. The plaintiff alleges that he was then transferred to Green Bay Correctional Institution, which is a maximum-security institution that does not offer Earned Release Programming (ERP) or Challenge of Incarceration (CIP) Programming. Id. He states that he appealed defendant Hansen's decision, and on November 13, 2023, defendant DAI Policy Analyst Sandra DeYoung adopted the decision to elevate the plaintiff's custody to maximum security. Id. at 3-4.

The plaintiff states, "[i]t should be noted that the Plaintiff's escape related behavior occurred within the Jefferson County Jail opposed to any DAI custodial agency." Id. at 4. The plaintiff acknowledges that the mandatory

6

Case 2:23-cv-01522-PP     Filed 04/24/24     Page 6 of 12     Document 10

restrictor policy states that "escape related behavior from a County jail facility constitutes escape related behavior from a Maximum security fenced Facility and therefore automatically requires Maximum security classification and excludes that subjected person from any lower custody for a MINIMUM of 10 years." Id. The plaintiff raises the following "issues": (1) he had been assigned to and resided in medium custody while he was being prosecuted for the escape-related behavior, and he had been in medium custody for a lengthy amount of time with positive adjustment; (2) when sentenced in Jefferson County Circuit Court, the court found the plaintiff statutorily eligible for both ERP and CIP on the attempted escape conviction; and (3) the plaintiff entered into a plea agreement with the State of Wisconsin in the Jefferson County case with the understanding that his offenses were eligible for earned release mechanisms and "that understanding has now been thwarted and breached by the regulation of the DAI Policy at issue here." Id. The plaintiff states that under Wisconsin law, he is eligible for the DOC's earned release programs based on his attempted escape conviction. Id. at 4-5 (citing Wisconsin Statute §302.05 [Wisconsin Substance Abuse Program] and §973.01 [Bifurcated Sentence of Imprisonment and Extended Supervision]). Id. at 3-4.

> The plaintiff asserts,
>
> The DAI Mandatory Restrictor arbitrarily demands that any offender with escape related behavior be confined in a location that does not offer any of the Earned Release Programs for a minimum of 10 years. This is where the policy exceeds jurisdiction because an offender with an escape sentence lawfully can only serve a six year bifurcated sentence. The policy therefore creates a remedy that overlaps legislation to find convicted persons 'never statutorily eligible for ERP/CIP'.

Id. at 4. According to the plaintiff, the escape restrictor policy converts statutorily ERP/CIP eligible escape offenses into non-eligible offenses because it provides that any escape-related offense requires placement at locations for a minimum of ten years where no ERP/CIP exists, when statutorily eligible escape offenses typically carry an entire sentence of only six years. Id. at 6. According to the plaintiff, if a sentencing judge finds a convicted person statutorily eligible on an escape related offense, the policy overturns that finding without a suitability determination under Wis. Admin. DOC §302.11 (Factors in assigning a custody classification). Id. at 7-8.

The plaintiff states that he has moved to withdraw his guilty plea in the criminal case regarding his attempted escape conviction (Jefferson County Case Number 22-CV-535) "because his plea was [not] entered knowingly, intelligently, and voluntarily under the understanding and premise that the offenses were statutorily eligible for ERP/CIP at some point within the bifurcated sentence, additionally that the offenses would not disrupt his eligibility determination on a separate matter he is serving a prison term for." Id. at 8.

For relief, the plaintiff asks the court to order that the mandatory restrictor policy violates his right to due process under the United States Constitution and Wisconsin Constitution. Id. at 9. He also asks the court to direct the DAI to amend the policy so that it does not violate the Constitution. Id. Alternatively, if the DAI maintains the mandatory restrictor policy against

escape offenses, the plaintiff requests that the DAI offer earned release programming in at least one of the DOC's maximum-security institutions. Id.

C. Analysis

The plaintiff claims that the DAI's mandatory restrictor policy violates his constitutional right to due process because the sentencing court in his state criminal case found that he was eligible to participate in programs that can lead to early release, but the DAI policy prevents the plaintiff for ten years from being housed in any DOC institution that offers the programs. The plaintiff says that he currently is moving to withdraw his plea in Jefferson County Case Number 22-CF-535 because his plea was entered under the understanding and premise that the offenses were statutorily eligible for ERP/CIP at some point within the bifurcated sentence, and that the offenses would not disrupt his eligibility determination on a separate matter is serving a prison term from. Dkt. No. 7 at 8. Wisconsin online court records show that the plaintiff recently has been granted an extension of time until June 10, 2024 by which to file a notice of appeal or postconviction motion in the criminal case. See wcca.wicourts.gov (last visited April 19, 2024).

Federal courts should abstain from deciding claims that call into question ongoing state proceedings. Shaw v. City of Milwaukee, Case No. 21-1410, 2022 WL 1001434, at *2 (7th Cir. April 4, 2022) (citing Younger v. Harris, 401 U.S. 37, 44 (1971)); see also J.B. v. Woodard, 997 F.3d 714, 722 (7th Cir. 2021). Resolving the constitutionality of the DAI's policy as it relates to the plaintiff's appeal of his sentence in his criminal case "would inject this

9

court into Wisconsin's criminal proceedings, offending the principles of equity, comity, and federalism that counsel toward abstention. Shaw, 2022 WL 1001434, at *2 (citing J.B., 997 F.3d at 722); see also SKS & Assocs. v. Dart, 619 F.3d 674, 677-79 (7th Cir. 2010) (collecting cases). The court will stay this federal case until the plaintiff notifies the court that his appeal in his criminal case is over.

The plaintiff faces an uphill battle when arguing that the DAI's policy violates his constitutional rights. The Fourteenth Amendment provides that no state may "deprive any person of life, liberty, or property, without due process of law." To state a viable due process claim, the plaintiff must allege that he was deprived of life, liberty or property. Beley v. City of Chicago, 901 F.3d 823, 826 (7th Cir. 2018). Courts have found that incarcerated individuals do not have a liberty interest in Wisconsin's substance abuse program, even if it might lead to their early release from prison. See Long v. Wondra, 553 F. App'x 637, 638 (7th Cir. 2014) (Due process is required only when state action "will inevitably affect the duration of [an incarcerated individual's] sentence," and "the successful completion of a program is not inevitable.") (quoting Sandin v. Conner, 515 U.S. 472, 487 (1994) and Zimmerman v. Tribble, 226 F.3d 568, 572 (7th Cir. 2020)). In Long, an incarcerated individual alleged that he was removed from the DOC's substance abuse treatment program as set forth under Wis. Admin. Code §DOC 302.05 based on a "lie" and that he was guaranteed an early release if he completed the program. Id. The court of appeals affirmed dismissal of the complaint at screening, finding that the

10

denial of the opportunity to complete the program did not inevitably affect the duration of his sentence because even if he remained in the program, he might not have performed all of its requirements. Id.

Because the plaintiff's criminal case has not concluded, it would be premature to dismiss the complaint for failure to state a claim. See Shaw, 2022 WL 1001434, at *2. As explained above, the court will stay the case. The plaintiff may move to lift the stay after his appeal in his criminal case has concluded.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that this case is **STAYED** under Younger v. Harris, 401 U.S. 37 (1971).

The court **ORDERS** that the clerk's office must **ADMINISTRATIVELY CLOSE** the case. The plaintiff may file a motion to reopen the case and lift the stay within sixty (60) days after state court proceedings have ceased. State court proceedings include post-conviction motions and other appellate relief. Simpson v. Rowan, 73 F.3d 134, 138 (7th Cir. 1995).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$321.32** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the

amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to Green Bay Correctional Institution, where the plaintiff is confined.

Dated in Milwaukee, Wisconsin this 24th day of April, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**