UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BRIAN DEMARCO MITCHELL,

                Plaintiff,

v.                                       Case No. 23-cv-1522-pp

DIVISION OF ADULT INSTITUTIONS, *et al.*,

                Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. NO. 13), DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (DKT. NO. 14), GRANTING IN PART PLAINTIFF'S MOTION TO LIFT STAY AND REOPEN CASE (DKT. NO. 15) AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

---

Plaintiff Brian DeMarco Mitchell, who is incarcerated at Green Bay Correctional Institution and is representing himself, filed an amended complaint under 42 U.S.C. §1983. Dkt. No. 7. He alleges that a Division of Adult Institutions (DAI) "Mandatory Restrictor" policy that requires individuals with escape or attempted escape convictions to be housed in maximum security institutions violates his constitutional rights. Dkt. No. 7 at 3-4. The plaintiff alleges that he was convicted of attempted escape and identity theft in Jefferson County Case Number 22-cv-535. Id. at 2. The sentencing court allegedly found him eligible for programs that can lead to early release (Challenge of Incarceration Program and Earned Release Program), but the DAI's mandatory restrictor policy prevents him from being housed at an institution that offers those programs, allegedly in violation of his right to due process. Id. at 5-6. The court screened the amended complaint and stayed the

1

case under Younger v. Harris, 401 U.S. 37 (1971), because the plaintiff's claim called into question his ongoing state criminal proceedings. Dkt. No. 10 at 9. The court stated that the plaintiff could move to reopen the case and lift the stay within sixty days after state court proceedings concluded. Id. at 11.

On May 10, 2024, the plaintiff filed a motion for reconsideration in which he contends that the court erred when it stayed the case because resolving the constitutionality of the DAI's mandatory restrictor policy "would not inject this court into Wisconsin's criminal proceedings as it relates to [the plaintiff's] criminal appeal." Dkt. No. 13 at 1. On the same day the plaintiff filed his motion for reconsideration, he filed a motion to amend the complaint, in which he says that he wants to bring an equal protection claim. Dkt. No. 14. About two months later, the plaintiff filed a motion to lift stay and reopen the case because his state court proceedings in his criminal case had concluded. Dkt. No. 15. This order denies the plaintiff's motion for reconsideration, denies his motion for leave to file second amended complaint, grants his motion to lift the stay and dismisses the case for failure to state a claim.

I.  **Motion for Reconsideration, Dkt. No. 13**

In his motion for reconsideration of the court's order staying the case, the plaintiff contends that resolving the constitutionality of the DAI's policy would not inject this court into Wisconsin's criminal proceedings as it relates to his criminal appeal. Dkt. No. 13 at 1. He states that he was not sentenced in Wisconsin state court based on whether the DAI policy was constitutional. Id. at 1-2. The plaintiff asserts that his position in the state court criminal appeal

2

is that the sentencing court and his defense counsel overlooked the DAI policy entirely, not the constitutionality of the policy. Id. at 2. According to the plaintiff, "the state court makes only the eligibility determination[,] the final placement decision is vested with the DOC/DAI" and "whether the policy the DOC/DAI uses is constitutional or unconstitutional is solely the matter of a different jurisdiction." Id. at 3. The plaintiff also states that he "misplaced" the constitutional violation and that he is separately moving this court to allow him to amend the complaint "to reflect that the DAI policy more accurately violates his EQUAL PROTECTION RIGHTS." Id. The plaintiff asks the court to reconsider staying this federal case because "the errors are clear and the court cannot inject its rulings into the state court proceedings[.]" Id. at 5.

Motions to reconsider are governed by Federal Rule of Civil Procedure 54(b), which states that non-final orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); Galvan v. Norberg, 678 F.3d 581, 587 n.3 (7th Cir. 2012) (stating "Rule 54(b) governs non-final orders and permits revision at any time prior to the entry of final judgment, thereby bestowing sweeping authority upon the district court to reconsider a [summary judgment motion]"). "The 'standard courts apply in reconsidering their decisions is generally the same under both Rule 59(e) and Rule 54(b).'" Cheese Depot, Inc. v. Sirob Imports, Inc., Case No. 14 C 1727, 2019 WL 1505399 at *1 (N.D. Ill. Apr. 5, 2019) (quoting Morningware, Inc. v. Hearthware Home Prods., Inc., Case No. 09 C 4348, 2011 WL 1376920, at *2 (N.D. Ill. Apr. 12, 2011)).

In the order screening the amended complaint, the court stated:

> The plaintiff claims that the DAI's mandatory restrictor policy violates his constitutional right to due process because the sentencing court in his state criminal case found that he was eligible to participate in programs that can lead to early release, but the DAI policy prevents the plaintiff for ten years from being housed in any DOC institution that offers the programs. The plaintiff says that he currently is moving to withdraw his plea in Jefferson County Case Number 22-CF-535 because his plea was entered under the understanding and premise that the offenses were statutorily eligible for ERP/CIP at some point within the bifurcated sentence, and that the offenses would not disrupt his eligibility determination on a separate matter he is serving a prison term from. Dkt. No. 7 at 8. Wisconsin online court records show that the plaintiff recently has been granted an extension of time until June 10, 2024 by which to file a notice of appeal or postconviction motion in the criminal case. See wcca.wicourts.gov (last visited April 19, 2024).
>
> Federal courts should abstain from deciding claims that call into question ongoing state proceedings. Shaw v. City of Milwaukee, Case No. 21-1410, 2022 WL 1001434, at *2 (7th Cir. April 4, 2022) (citing Younger v. Harris, 401 U.S. 37, 44 (1971)); see also J.B. v. Woodard, 997 F.3d 714, 722 (7th Cir. 2021). Resolving the constitutionality of the DAI's policy as it relates to the plaintiff's appeal of his sentence in his criminal case "would inject this court into Wisconsin's criminal proceedings, offending the principles of equity, comity, and federalism that counsel toward abstention. Shaw, 2022 WL 1001434, at *2 (citing J.B., 997 F.3d at 722); see also SKS & Assocs. v. Dart, 619 F.3d 674, 677-79 (7th Cir. 2010) (collecting cases). The court will stay this federal case until the plaintiff notifies the court that his appeal in his criminal case is over.

Dkt. No. 10 at 9-10.

The plaintiff acknowledges in his motion for reconsideration that "maybe [he] caused a bit of doom to himself by alleging in [the amended complaint] that he is seeking to withdraw his plea in Jefferson County case 23-cf-535." Dkt. No. 13 at 3. The plaintiff's allegation that he sought to withdraw his plea in his criminal case was the basis for this court's decision to stay this lawsuit in which the plaintiff challenges the

4

constitutionality of the DAI policy. The plaintiff has not shown that the court erred in staying this federal case until his state criminal proceedings were resolved. (In any event, as stated above, the plaintiff since has filed a motion to lift the stay because the state criminal proceedings are over.) The court will deny the plaintiff's motion for reconsideration.

## II.     Motion for Leave to File Second Amended Complaint, Dkt. No. 14

In his motion to amend the complaint, the plaintiff states that he wants to add an equal protection claim. Dkt. No. 14. The plaintiff filed a proposed second amended complaint (Dkt. No. 14-1) which contains the same factual allegations as the amended complaint (Dkt. No. 7); it is identical to the amended complaint through page 8. Starting at page 9 of the second amended complaint, the plaintiff states that he "misplaced the constitutional violation" and that the "DAI policy more accurately violates his EQUAL PROTECTION RIGHTS." Dkt. No. 14-1 at 9. The plaintiff explains his theory:

> All individuals that have committed offenses other than Criminal code Chapter 940[] offenses are similarly situated as it relates to State Courts being permitted to discretionarily determine statutory[]y eligibility for the DAI/DOC Earned Release Program mechanisms. Apparently per the DAI Mandatory Restrictor that is at controversy here the DAI does not agree with Wisconsin legislation passed constitutionally by congress that it adopted in it[]s policies DAI # 300.00.11 Substance Use Disorder/Earned Release Program and # 300.00.12 Challenge of Incarceration Program/Bootcamp. The DAI has acted with a discriminatory purpose and intent against the offense of escape Wis. Stat. 946.42. The DAI has created a remedy that denies even the State sentencing courts the opportunity to determine statutory eligibility because the policy arbitrarily says nothing more than "we don't agree that escape offenses should be afforded earned release at any point within the maximum bifurcated sentence." Id. The policy simply does not

5

permit the program for minimum 10 years, the escape offense only carries a maximum of 6 years. Id.

Id. at 9-10.

The plaintiff contends that the "DAI's administrative actions are at minimal not in accordance with law." Id. at 11. In addition to the relief sought in the first amended complaint, the proposed second amended complaint seeks an order ruling on whether the DAI policy violates the equal protection clause of the United States Constitution. Id. at 12.

The court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). It must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

When the court screened the amended complaint, it determined that it did not state a due process claim:

> The plaintiff faces an uphill battle when arguing that the DAI's policy violates his constitutional rights. The Fourteenth Amendment provides that no state may "deprive any person of life, liberty, or property, without due process of law." To state a viable due process claim, the plaintiff must allege that he was deprived of life, liberty or property. Beley v. City of Chicago, 901 F.3d 823, 826 (7th Cir. 2018). Courts have found that incarcerated individuals do not have a liberty interest in Wisconsin's substance abuse program, even if it might lead to their early release from prison. See Long v. Wondra, 553 F. App'x 637, 638 (7th Cir. 2014) (Due process is required only when state action "will inevitably affect the duration of [an incarcerated individual's] sentence," and "the successful completion of a program is not inevitable.") (quoting Sandin v. Conner, 515 U.S. 472, 487 (1994) and Zimmerman v. Tribble, 226 F.3d 568, 572 (7th Cir. 2020)). In Long, an incarcerated individual alleged that he was

6

> removed from the DOC's substance abuse treatment program as set forth under Wis. Admin. Code §DOC 302.05 based on a "lie" and that he was guaranteed an early release if he completed the program. Id. The court of appeals affirmed dismissal of the complaint at screening, finding that the denial of the opportunity to complete the program did not inevitably affect the duration of his sentence because even if he remained in the program, he might not have performed all of its requirements. Id.
>
> Because the plaintiff's criminal case has not concluded, it would be premature to dismiss the complaint for failure to state a claim. See Shaw, 2022 WL 1001434, at *2. As explained above, the court will stay the case. The plaintiff may move to lift the stay after his appeal in his criminal case has concluded.

Dkt. No. 10 at 10-11.

In the proposed second amended complaint, the plaintiff contends that the same allegations he made in the amended complaint state an equal protection claim. Prison officials may treat incarcerated individuals differently if "the unequal treatment is rationally related to a legitimate penological interest," except when the disparate treatment is "based on a suspect class," in which case heightened scrutiny applies. Flynn v. Thatcher, 819 F.3d 990, 991 (7th Cir. 2016); see also City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439-42 (1985). The plaintiff has not alleged that prison officials discriminated against him based on a protected classification, so he needs to allege facts plausibly suggesting that the officials treated him differently than others similarly situated, and that the treatment was not rationally related to a legitimate interest. Flynn, 819 F.3d at 991.

The plaintiff asserts that the DAI mandatory restrictor policy discriminates against individuals who have been convicted of an escape-related offense because the policy requires them to be housed in a maximum-security

7

prison for ten years and therefore makes them unable to participate in Wisconsin's Substance Use Disorder/Earned Release Program and Challenge of Incarcerated Program/Bootcamp, even when the sentencing court deems them eligible to participate in such programs. He appears to be comparing himself and others convicted of escape-related offenses with all other incarcerated individuals except those who have been convicted of "Criminal Code chapter 940 offenses." Even assuming that the plaintiff is similarly situated to all other incarcerated individuals (except those convicted of chapter 940 offenses), he has not alleged, and cannot allege, that the DAI policy does not relate to a legitimate penological interest.

The plaintiff attached to his amended complaint and his proposed second amended complaint the DAI mandatory restrictor policy. That policy includes the heading "Escape or Attempted Escape Mandatory Restrictors" and states in relevant part, "Individuals who have a documented history of attempted or completed escape from confinement or custody are impacted by this mandatory restrictor." Dkt. No. 14-2 at 2. The policy contains two categories of mandatory restrictors. Id. at 3. The first applies to escape or attempted escape from unfenced facilities, work release and minimum-security fenced facilities and states that individuals who escape or attempt escape from such facilities are excluded from being classified minimum and minimum community custody for one year to five years from the date of the escape or attempted escape, depending on the circumstances. Id. The second applies to escape or attempted escape from maximum or medium security facilities and states that individuals

8

who escape or attempt escape from those facilities are excluded from being classified medium, minimum and minimum community custody for ten years from the time of an escape or attempted escape from a maximum or medium security facility. Id. The plaintiff is in the second category.

The state has an valid interest in ensuring prison security, and prison officials have broad discretion to further that goal. Mays v. Dart, 974 F.3d 810, 820 (7th Cir. 2020). Prison classifications are presumed to be rational and will be upheld if any justification for them can be conceived. Flynn, 819 F.3d at 992 (citing Ind. Petroleum Marketers & Convenience Store Ass'n v. Cook, 808 F.3d 318, 322 (7th Cir. 2015). The DAI has a legitimate security interest in preventing escape and its mandatory restrictor policy advances that interest. The proposed second amended complaint does not state an equal protection claim. It would be futile to allow the plaintiff to amend his complaint and the court will deny his motion to amend.

The plaintiff has not stated a claim under §1983. The court will dismiss the case for failure to state a claim.

### III. Motion to Lift Stay and Reopen Case, Dkt. No. 15

The plaintiff has filed a motion to lift the stay and reopen this case; he states that on July 11, 2024, the state court proceedings in his state criminal case "ceased." Dkt. No. 15.[1] The court will grant the plaintiff's motion to the

---

[1] The publicly available state court docket shows that on July 11, 2024, the court granted the defendant's petition for a sentence reduction and defense counsel withdrew the defendant's motion for a sentence modification. State v. Mitchell, Case No. 2022CF000535 (Jefferson County Circuit Court) (available at https://wcca.wicourts.gov).

9

extent that it will lift the stay, but as it has explained, the court will dismiss the case for failure to state a claim.

**IV.     Conclusion**

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 13.

The court **DENIES** the plaintiff's motion for leave to file second amended complaint. Dkt. No. 14.

The court **GRANTS IN PART** the plaintiff's motion to lift stay and reopen case. Dkt. No. 15. The court will lift the stay it previously had imposed.

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. Rule of App. P. 4(a)(5)(A).). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion *in this court*. See Fed. R. App. P. 24(a)(1). The plaintiff may be assessed

another "strike" by the Court of Appeals if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 2nd day of January, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**